UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Evita Brown, *on behalf herself and others similarly situated*, | ) | Case No: |
| | ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| Columbia Collection Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Nature of this Action**

1.      Evita Brown ("Plaintiff") brings this class action against Columbia Collection Service, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, and an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed and prerecorded or artificial voice calls to wrong or reassigned cellular telephone numbers.

3.      Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Plaintiff

1

received the calls at issue in this district, and, therefore, a substantial portion of the events giving rise to this action occurred in this district.

### Parties

6. Plaintiff is a natural person who at relevant times resided in Worth, Illinois.

7. Plaintiff is "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a company based in Milwaukie, Oregon.

9. Defendant refers to itself as a "debt collector." https://columbiacollection.com/about/ ("*This is a communication from a debt collector.*") (last visited Sept. 17, 2020).

10. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Defendant acknowledges on its website that it places calls to telephone numbers in error:

### How can I report you are calling the wrong number?

If you are receiving calls or messages not intended for yourself, please accept our apologies; contact to our office to advise us we have an incorrect phone number, will allow us to investigate the removal of said phone number.

This can be reported by advising us of the phone number we are calling is incorrect. You can report a phone number by:

▪ *Calling* our office Toll-Free (800) 807-3476 or (503) 635-9885

2

- Sending an email: cs@columbiacsi.com
- Or by way of US Mail *Our mailing address is:*

Columbia Collection Service, Inc.
PO Box 22709
Milwaukie, Oregon 97269

https://columbiacollection.com/consumers/# (last visited Sept. 17, 2020).

### Factual Allegations

14.     Plaintiff was the regular and sole user of her cellular telephone number.

15.     Sometime in 2019, Defendant began placing calls to Plaintiff's cellular telephone number.

16.     Plaintiff estimates that she received over thirty calls from Defendant to her cellular telephone number.

17.     On more than once occasion Plaintiff answered a call from Defendant to her cellular telephone number, heard a beep-like sound, and then hung up.

18.     Defendant left at least two materially identical voice messages on Plaintiff's cellular telephone voicemail.

19.     Both of these voice messages state:

Hi, this message is for Kelly Balfour, if we've reach the wrong phone number for this person please give us a call back at 1-800-807-3476 to remove your phone number. If you are not Kelly please hang up or disconnect. There will now be a 3 second pause in this message. By continuing to listen to this message you acknowledge that you are Kelly. Kelly you should not listen to this message so that others can hear as it does contain personal and private information. There will now be a three second pause to allow you to listen in private. My name is Garret Ferguson. I'm with Columbia Collection Service. Please be advised I am a debt collector and unless you've been discharged or subject to a stayover in bankruptcy, this is an attempt to collect a debt and any information obtained can be used for that purpose. Go ahead and give me a call back. I'd like to discuss with you some new things we've implemented to better assist you during this time. My direct line is 503-594-0406. Again that's 503-594-0406. Thank you.

Click HERE for link to first message; click HERE for link to second message.

20.     Plaintiff does not know Kelly Balfour.

21.     Plaintiff does not have an account in collections with Defendant.

22.     Plaintiff does not, nor did, owe a debt in default to Defendant or one of Defendant's clients.

23.     Plaintiff does not, nor did, have any business relationship with Defendant.

24.     Plaintiff did not provide her cellular telephone number to Defendant.

25.     Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

26.     As a result of Defendant's calls to her cellular telephone number, Plaintiff changed her outgoing voicemail greeting to inform callers that they had reached "Ms. Brown's" voicemail.

27.     Defendant nonetheless placed calls to Plaintiff's cellular telephone number after Plaintiff's outgoing voicemail greeting made, or should have made, Defendant aware that Plaintiff's cellular telephone number did not belong to the intended recipient of Defendant's calls.

28.     Eventually, and also as a result of Defendant's continued calls to her cellular telephone number, Plaintiff obtained a different cellular telephone number.

29.     Plaintiff did not return any of Defendant's calls because she feared that Defendant's calls were potentially related to a scam.

30.     Upon information and good faith belief, and in light of the nature and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

31.     Upon information and good faith belief, and in light of the nature and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using

4

equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person).

32. Upon information and good faith belief, and in light of the nature and character of the calls at issue, as well as the nature and character of the materially identical voice messages at issue, Defendant used a prerecorded voice to deliver messages to Plaintiff's cellular telephone number voicemail.

33. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

34. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

35. Upon information and good faith belief, Defendant placed its calls Plaintiff's cellular telephone number under its own free will.

36. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

37. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

38. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

39. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, and an artificial or prerecorded voice, to

5

place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

### Class Action Allegations

40.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

*TCPA Class*: All persons and entities throughout the United States (1) to whom Columbia Collection Service, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Columbia Collection Service, Inc.'s call, (3) by using an automatic telephone dialing system, or an artificial or prerecorded voice, (4) from September 18, 2016 through the date of class certification.

*FDCPA class*: All persons throughout the United States (1) to whom Columbia Collection Service, Inc. placed, or caused to be placed, at least one call, (2) from September 18, 2019 through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) where Columbia Collection Service, Inc. was made aware that the telephone number to which it placed a call did not belong to the intended recipient of its call.

41.    Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

42.    Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

43.    The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

44.    The classes are ascertainable because the classes are defined by reference to objective criteria.

45.    In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records

6

maintained by Defendant and by third parties.

46.     Plaintiff's claims are typical of the claims of the members of the classes.

47.     As it did for all members of the TCPA class, Defendant used an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number even though Plaintiff was not the intended recipient of Defendant's calls.

48.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

49.     Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

50.     Plaintiff suffered the same injuries as the members of the classes.

51.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

52.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

53.     Plaintiff will vigorously pursue the claims of the members of the classes.

54.     Plaintiff has retained counsel experienced and competent in class action litigation.

55.     Plaintiff's counsel will vigorously pursue this matter.

56.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

57.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

58.     Issues of law and fact common to all members of the classes are:

a.  Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

b.  Defendant's violations of the TCPA;

c.  Defendant's violations of the FDCPA;

d.  Defendant's use of an automatic telephone dialing system as defined by the TCPA;

e.  Defendant's use of an artificial or prerecorded voice;

f.  Defendant's status as a debt collector as defined by the FDCPA;

g.  The availability of statutory penalties; and

h.  The availability of attorneys' fees and costs.

59.  A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60.  If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

61.  The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

62.  The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

63.  These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

64.     The damages suffered by each individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

65.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

66.     There will be little difficulty in the management of this action as a class action.

67.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

68.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

69.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent.

70.     Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without prior express consent.

71.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the TCPA class, are entitled to damages in an amount to be proven at trial.

## Count II
## Violation of 15 U.S.C. § 1692d

72.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-67.

9

73.     By placing calls to Plaintiff's cellular telephone number, in connection with the collection of a consumer debt, where Defendant knew, or should have known, that Plaintiff's cellular telephone number did not belong to the intended recipient of Defendant's calls, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with Defendant's collection of consumer debts.

74.     As a result, Defendant violated 15 U.S.C. § 1692d.

75.     And as a result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff, and the members of the FDCPA class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e)  Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the TCPA class.

f)  Awarding Plaintiff and the TCPA class damages under 47 U.S.C. § 227(b)(3)(B);

g)  Awarding Plaintiff and the TCPA class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the FDCPA class damages under 15 U.S.C. § 1692k(a)(1) and (2);

i) Awarding Plaintiff and the TCPA class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

j) Awarding Plaintiff and the FDCPA class reasonable attorneys' fees, costs, and expenses under 15 U.S.C. § 1692k(a)(1)(3);

k) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

l) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 18, 2020

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
400 Congress, Ave., Ste. 1540
Austin, TX 78701
(561) 826-5477
aradbil@gdrlawfirm.com

Alexander Kruzyk (to file motion to appear *pro hac vice*)
Greenwald Davidson Radbil PLLC
400 Congress, Ave., Ste. 1540
Austin, TX 78701
(561) 826-5477
akryuzyk@gdrlawfirm.com

*Counsel for Plaintiff and the proposed classes*